IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff

    -v-

Frank A. Catalano, III
Boston, NY 14025

Arlene A. Catalano
Derby, NY 14047

Ford Motor Credit Company
17197 N. Laurel Park Drive Suite 402
Livonia, MI 48152

JOHN DOE, MARY ROE AND XYZ
CORPORATION,
6980 Wellington Drive
Derby, New York 14047

                Defendants

Civil No.: _____

COMPLAINT – ACTION TO
FORECLOSE A MORTGAGE

---

The United States of America, a Sovereign, by Forsyth, Howe,
O'Dwyer, Kalb & Murphy, P.C., Attorneys for the plaintiff, complains
and alleges as follows:

1.    This Court has jurisdiction under the provisions of Title
28, United States Code, Section 1345.

2.    On or about 11/25/1987, at the request of the defendant,
Frank A. Catalano, III, Arlene A. Catalano, (hereinafter referred to

as the "Debtor"), the plaintiff, the United States of America, acting by and through its agency, Farmers Home Administration, n/k/a Rural Housing Service, did lend to the Debtor, the sum of $42,000.00, which sum the Debtor did undertake and promise to repay, with interest at 9% in specified monthly installments.

3.    As evidence of the indebtedness, the Debtor did execute and deliver to the plaintiff a Promissory Note dated 11/25/1987, a true copy of which is attached as Exhibit "A".

4. In order to secure the payment of the indebtedness the Debtor, did execute, acknowledge and deliver to the plaintiff, a real property mortgage dated 11/25/1987, a true copy of which is attached as Exhibit "B".

5.    The mortgage was duly recorded on 11/25/1987 in the Erie County Clerk's Office in Liber 9877 of Mortgages at Page 105.

6. This loan was reamortized by Reamortization Agreement executed by the Debtors on 6/25/1997. A copy of the Reamortization Agreement is attached hereto as Exhibit "C".

7.    On or about 6/13/1990, at the request of the defendant, Frank A. Catalano, III, Arlene A. Catalano, (hereinafter referred to as the "Debtor"), the plaintiff, the United States of America, acting

by and through its agency, Farmers Home Administration, n/k/a Rural Housing Service, did lend to the Debtor, the sum of $29,100.00, which sum the Debtor did undertake and promise to repay, with interest at 8.75% in specified monthly installments.

8.   As evidence of the indebtedness, the Debtor did execute and deliver to the plaintiff a Promissory Note dated 6/13/1990, a true copy of which is attached as Exhibit "D".

9. In order to secure the payment of the indebtedness the Debtor did execute, acknowledge and deliver to the plaintiff, a real property mortgage dated 6/13/1990, a true copy of which is attached as Exhibit "E".

10. The mortgage was duly recorded on 6/29/1990 in the Erie County Clerk's Office in Liber  10734 of Mortgages at Page 675.

11.   This loan was reamortized by Reamortization Agreement executed by the Debtors on 6/25/1997.  A copy of the Reamortization Agreement is attached hereto as Exhibit "F".

12.   Plaintiff is now the owner and holder of the Promissory Note(s) and Mortgage(s).

13. Pursuant to the terms of certain Interest Credit Agreements

executed by a representative of the Farmers Home Administration and the Debtor, the interest described in the Promissory Note was reduced during each Agreement's effective period. Pursuant to 42 U.S.C. 1490a, and the fifth paragraph of the first "WHEREAS" clause of the Mortgage, any interest credit assistance is subject to recapture upon the disposition of the property. True copies of said Subsidy Repayment Agreement and the Interest Credit Agreements and Data Entry Sheets are attached as Exhibits "G" and "H", respectively.

14. The Debtor has breached and violated the provisions of the Promissory Note and Mortgage in that he did neglect and fail to pay the installments of principal and interest when due, despite due demand therefore and by failing to make payment of real property taxes when due, thus making it necessary for the plaintiff to pay the same to protect its interest.

15. On 7/19/2005 an Order for Relief under Chapter 7 of the Bankruptcy Code was entered based upon a petition filed by Arlene A. Catalano in the United States Bankruptcy Court for the Western District of New York as Case Number 05-16154. On 11/03/2005, the Bankruptcy Court entered an Order discharging the Arlene A. Catalano and the bankruptcy case was subsequently closed on 11/30/2005.

16. By reason of the defaults described herein, plaintiff has elected to declare the entire sums secured by the mortgage to be due and

payable.

17. There is now justly due and payable to the plaintiff, as of 12/22/2006, on the Promissory Notes and Mortgages the following sums:

**Loan No.5417529**

| | |
|---|---|
| Unpaid Principal (Note) | $33,457.41 |
| Unpaid Interest (Note) | $ 2,532.42 |
| Unpaid Principal (Advances) | $ 5,241.50 |
| Unpaid Interest (Advances) | $  427.79 |
| Escrow/Impound | $ 2,142.12 |
| Interest Credit Recapture | $37,719.79 |
| Total | $81,521.03 |

**Loan No. 5417532**

| | |
|---|---|
| Unpaid Principal | $24,026.16 |
| Unpaid Interest | $ 1,790.89 |
| Interest Credit Recapture | $19,473.50 |
| Total | $45,290.55 |

**TOTAL DUE ON BOTH LOANS
THROUGH 12/22/2006 =**          **$126,811.58**

together with interest at the rate of 9% per annum  for loan number 5417529; and 8.75% per annum for loan number 5417532 on principal and all advances from 12/22/2006.

18.    Upon information and belief, plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to plaintiff at this time. Nevertheless, plaintiff seeks recovery thereof and therefore, together with interest thereon.

19. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

20. The defendants, Ford Motor Credit Company, as setforth in Exhibit "I" have or may claim to have some interest in, or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

21. The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEREFORE, plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

(b) That the premises may be decreed to be sold according to law;

(c) That the amount due to the plaintiff on the promissory note and mortgage may be adjudged;

(d) That the moneys arising from the sale may be brought into Court;

(e) That the plaintiff may be paid the amount adjudged to be due to the plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f) And that the plaintiff may have such other and further relief as may be just and equitable.

DATED:     Rochester, New York   January 2, 2007

S/Gerald N. Murphy

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email: Murphy@forsythhowe.com

VERIFICATION

STATE OF NEW YORK    )
                     )        ss:
COUNTY OF MONROE     )

Gerald N. Murphy, being duly sworn, deposes and says:

1.    I am an Attorney duly admitted to practice in the Federal Courts of the Western District of the State of New York and have read the foregoing Complaint.

2. The allegations of the Complaint are true, except those matters alleged-on information and belief, and those matters I believe to be true. The grounds of my knowledge and the sources of my information and belief are records of the Rural Housing Service, formerly known as the Farmers Home Administration and public records.

3.    This verification is made by me and not by plaintiff because the United States of America is a sovereign.

S/Gerald N. Murphy
FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email:  Murphy@forsythhowe.com

Sworn to and subscribed before me
On this day: January 2, 2007

Jane E. Kehoe
Notary Public

JANE E. KEHOE
Notary Public, State of New York
Monroe County, #01KE6094677
Commission Expires 06/23/20 07

EXHIBIT A

Form FmHA 440-16
(Rev. 11-10-75)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARMERS HOME ADMINISTRATION**

*Catalano III*
*Frank A*
*Arlene A.*

| KIND OF LOAN |
|---|
| Type: RURAL HOUSING |
| Pursuant to: |
| ☐ Consolidated Farm and Rural Development Act. |
| XX Title V of the Housing Act of 1949. |

**PROMISSORY NOTE**

*REAMORTIZED, NOT PAID*

| STATE |
|---|
| NEW YORK |
| COUNTY |
| ERIE |
| CASE NO. |
| 37-15-080462611 |

Date __NOVEMBER__ X __25__ , 19 __87__

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower.") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ........................................................

__EAST AURORA, NEW YORK 14052__ ........................................................ ,

THE PRINCIPAL SUM OF __FORTY-TWO THOUSAND AND NO/100__ ........................................................

DOLLARS ($ __42,000.00 - - - - - - - - - - - -__ ), plus **INTEREST** on the **UNPAID PRINCIPAL** of

__NINE - - - - - - - - - - - - - -__ PERCENT ( __9.0000__ %) **PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due

on ........................................................ , 19 ___ . Payment of Principal and later accrued Interest shall be in ........................................................
installments as indicated in the box below;

☐ II.    Principal and Interest payments shall be deferred. The interest accrued to ........................................................ , 19 _____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in........................................................ regular
amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $........................................................ and the amount of such regular installments in the box below,
when such amounts have been determined.

☐ III.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the ........................................................

of each ........................ beginning on ........................................................ , 19 ___, through........................................................ , 19 ___,

Principal and later accrued Interest shall be paid in ........................ installments as indicated in the box below;

☒ IV.    Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated
in the box below:

| |
|---|
| $ __333.00__ on __DECEMBER__ X __25__ , 19 __87__ , and |
| $ __333.00__ thereafter on the X __25th__ of each __MONTH__ until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __THIRTY-THREE - - -__ ( __33 - - - -__ ) **YEARS** from the **DATE** of this **NOTE.** The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT**: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT**: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X _Frank A. Catalano III_ (SEAL)
Frank A. Catalano, III *(BORROWER)*

X _Arlene A. Catalano_ (SEAL)
Arlene A. Catalano *(SPOUSE)*

----------------------------------------

----------------------------------------

DERBY, NY 14047

"A Reamortization Agreement and/or Deferral
Agreement dated 6-25-97 in the
Principal Sum $ 44,489.03 has been given
to modify the payment schedule of this note."

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $ 42,000.00 | 11/25/87 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 42,000.00 | 11/25/87 |

**EXHIBIT B**

LIBER 9877 PAGE 108

FILED

1987 NOV 25 PM 1: 40

ERIE COUNTY
CLERK'S OFFICE

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

Recorded in the Clerk's Office
of .................... No .....
on the .....25..... day of ........
A.D. 19...87.. at..1:40..o'clock ..P..M
and examined.

David G. White
CLERK

2-17.00-50

BOX 271

Mortgage

France & Cathleen
T.
Aurelio Catalano
264

Use only
for money lent
or owed

Pavment history
accompanies this
document.

Form FmHA 427-1 NY
(Rev. 6-85)

# REAL ESTATE MORTGAGE FOR NEW YORK

THIS MORTGAGE, is made and entered into by ~~FARNK~~ FRANK A. CATALANO III and ARLENE A. CATALANO, his wife

residing in **Erie** _____ County , whose post office address is **6980 Wellington Drive, Derby, New York 14047** _____

herein called "Borrower", and the United States of America, acting through Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note", which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| Nov. 25, 1987 | $42,000.00 | 9.00% | Dec.25, 2020 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved.

NOW, THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grants, bargains, sells, conveys, assigns, mortgages, and forever warrants unto the Government the following property, herein called "the Property" situated in the County of **Erie** _____, State of New York.

Ser.C.E. 24710 11/25 19 87
RECEIVED MORTGAGE RECORDING TAX

_____ $ Basic
_____ $ Add
_____ $ S.A.T.
_____ $ TOTAL

DAVID J. SWARTS, Recording Officer, Erie County Per _____

LIBER 9877 PAGE 105

13A 51-1-962-966 inc

FmHA 427-1 NY (Rev. 6-85)

All that tract or parcel of land situate

in the Town of Evans, County of Erie and State of

New York, being part of Lot No. 31, Township 9,

Range 9 of the Holland Land Company's Survey and

according to maps filed in Erie County Clerk's

Office under Cover No.s 1180 and 1542, is known as

subdivision lots numbers nine hundred sixty-two

(962) to nine hundred sixty-six (966) inclusive,

situate on the west side of Washington Drive,

now Wellington Drive

---

13A-51-1-962-966 Inc.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and the default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, and (c) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Syracuse, New York 13210, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(24) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering fixtures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described real estate.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____25th_____ day of _____November_____, 19 _87_.

In the presence of

_____     X _Frank A. Catalano_ (SEAL)

_____     X _Arlene A. Catalano_ (SEAL)

## ACKNOWLEDGMENT

STATE OR TERRITORY OF ___New York___ )
                                       } ss.:
COUNTY OF ___Erie___                  )

On the __25th__ day of __November__, 19 _87_, before me, came
**FRANK A. CATALANO III and ARLENE A. CATALANO, his wife**

to me known to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged to me that ___they___ executed the same for the purposes therein contained.

(SEAL)                                                    _Notary Public._

                                         GEORGE P. TRIMPER, JR.
My commission expires ___6/30/89___      STATE OF NEW YORK
                                         QUALIFIED IN ERIE COUNTY

**EXHIBIT C**

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 37 | 15 | 2611 | 46 | 03 | 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of ___FORTY-TWO THOUSAND AND 00/100——————————Dollars ($ _42,000.00_ ),

plus interest on the unpaid principal of _NINE AND 00/100___percent ( _9.00_%) per year, which was made or assumed by

___FRANK A. CATALANO III___ and ___ARLENE A. CATALANO___

(called "I/We"), dated ___NOVEMBER 25___, 19_87_, and payable to the order of the Government. The

unpaid principal balance (including advances) is $ _41,224.74_ . The accrued interest to date is

$ _264.29_ . The total debt to date is $ _41,489.03_ , which now is principal.

**Because** one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

☒ **A.**  **Reamortization**

(1) The first installment in the amount of $ _355.00_ , will be due and payable on

___JULY 25___, 19_97_.

(2) Thereafter, regular installments, each in the amount of $ _355.00_, will be due and

payable on the ___25TH  D DAY___ of each ___MONTH___ until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

___NOVEMBER 25___, _2020_.

☐ **B.**  **Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to _____.

19 ____, shall be added to the principal. The new installment schedule will be as follows:

$ _____ on _____, 19 _____

$ _____ on _____, 19 _____

$ _____ on _____, 19 _____

$ _____ on _____, 19 _____

$ _____ on _____, 19 _____

$ _____ on _____, 19 _____

and $ _____ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

_____, _____.

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

JUNE 25, 1997
----------------------------
*(Date)*

X _Frank A. Catalano III_ _____
FRANK A. CATALANO III                    *(Borrower)*

X _Arlene A. Catalano_ _____
ARLENE A. CATALANO                       *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
THOMAS J. DANKERT

Title Community Development Manager

Date JUNE 25, 1997

*U.S. GPO: 1991-554-009/43009

EXHIBIT D

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

# PROMISSORY NOTE

| TYPE OF LOAN | | STATE |
|---|---|---|
| | | **NEW YORK** |
| **RURAL HOUSING** | | COUNTY |
| | | **ERIE** |
| | | CASE NO. |
| | | **37-15-080462611** |

UNAUTHORIZED NOT PAID

Date _X 6-13_____, 19 **90** .

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

_____ **EAST AURORA, NEW YORK** _____,

THE PRINCIPAL SUM OF __**TWENTY NINE THOUSAND ONE HUNDRED AND 00/100 — — — — — — — — —**

DOLLARS ($ **29,100.00 — — — — — — — — — — — — — —**), plus INTEREST on the UNPAID PRINCIPAL of

**EIGHT AND THREE FOURTHS —** PERCENT ( __**08.7500** _=%) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☑ I.     Principal and Interest payments shall be deferred. The interest accrued to __AUGUST 29_____, 19**90**

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in __394_____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $__29,168.97_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.     Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19_____, through _____, 19_____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.     Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

| | |
|---|---|
| $_____226.00_____ on ____SEPTEMBER 25_____ , 19**90** , and | |
| $_____226.00_____ thereafter on the __25TH____ of each __MONTH____ | |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and PAYABLE __THIRTY-THREE — (__33— — — — — —) YEARS

from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

X _Frank A. Catalano II_ (SEAL)
**Frank A. Catalano, III** (BORROWER)

X _Arlene A. Catalano_ (SEAL)
**Arlene A. Catalano** (SPOUSE)

_George J. Trimper_

**GEORGE J. TRIMPER JR.**
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires ~~March 30,~~ 19 _9_ 1
_June_

**Derby, New York    14047**

"A Reamortization Agreement and/or Deferral
Agreement dated _6-25-97_ in the
Principal Sum $ _27627.34_ has been given
to modify the payment schdule of this note."

| \multicolumn{6}{c}{RECORD OF ADVANCES} |
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ 1,150.00 | 6/29/90 | (9) $ | | (16) $ | |
| (3) $ 8,385.00 | 7/18/90 | (10) $ | | (17) $ | |
| (4) $ 5,000.00 | 7/26/90 | (11) $ | | (18) $ | |
| (5) $ 14,565.00 | 8/29/90 | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 29,100.00 | 8/29/90 |

☆ U.S. Government Printing Office: 1987—723-431/61515

**EXHIBIT E**

FRANK A. CATALANO III and ARLENE A. CATALANO, H/W, MORTGAGORS

to

UNITED STATES OF AMERICA, Acting Through FARMERS HOME ADMINISTRATION,

Mortgagee

Re: MORTGAGE (2d) on 6980 Wellington Road, Derby, N. Y.

13A-51-1-962-766 Inc.

ERIE COUNTY
CLERK'S OFFICE

1990 JUN 29 PM 3: 40

FILED

655

STATE OF NEW YORK
ERIE CO. CLERK'S OFFICE
Recorded in Liber 10724
page 677 on the 29
day of June A.D., 19 90
at 3:40 O'clock P.M.
and examined.
DAVID J. SWARTS, County Clerk
David J. Swarts
COUNTY CLERK

B05 3696-17-
2-4-0

*E VA*
*8*

# REAL ESTATE MORTGAGE FOR NEW YORK

THIS MORTGAGE, is made and entered into by  FRANK A. CATALANO III and ARLENE A. CATALANO,
Husband and Wife

residing in _____ Erie _____ County , whose post office address

is  6980 Wellington Drive, Derby, New York 14047

herein called "Borrower", and the United States of America, acting through Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation recapture agreement, herein called "note", which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount Plus Non-Capitalized Interest | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| June 13, 1990 | $29,100.00 * | 08.7500% | June 13, 2023 |

\* Twenty-Nine Thousand One Hundred Dollars)

(Non-capitalized interest only applies in the case of Farmer Program loans being serviced in accordance with 7 CFR Part 1951 Subpart S.)

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 as amended, or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

And the debt instruments executed at the time of loan closing constitutes an obligation on the part of the Government to disburse all funds at one time or in multiple advances, provided the funds are for purposes authorized by the Government at the time of loan closing. This obligatory commitment takes priority over any intervening liens or advances by other creditors regardless of the provisions of the State laws involved:

NOW, THEREFORE, (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower hereby grants, bargains, sells, conveys, assigns, mortgages, and forever warrants unto the Government the following property, herein called "the Property" situated in the County of

_____ Erie _____ , State of New York.

LIBER 0734 PAGE 675

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of

Evans, County of Erie and State of New York, being part of Lot

No. 51, Township 9, Range 9 of the Holland Land Company's Survey

and according to maps filed in Erie County Clerk's Office under

Cover 1180 and 1542, is known as subdivision lots numbers nine

hundred sixty-two (962) to nine hundred sixty-six (966) in-

clusive, situate on the west side of Washington Drive, now

Wellington Drive.

Ser. C.H. *10578*                    *6/19/90*

**RECEIVED MORTGAGE RECORDING TAX**

——————— $ Basic

——————— $ Add

——————— $ S.A.T.

——————— $ TOTAL

**DAVID J. SWARTS,** Recording Officer, Erie County Per

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.



(6)  To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)  To pay when due all taxes, liens, judgments, encumbrances, assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and the default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, and (c) enforce any and all other rights and remedies provided herein or by present or future law.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, with interest to the date of sale, (d) inferior liens of record required by law to be so paid or duly approved and allowed by court order or otherwise, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to the excessive erosion of highly erodible land or to the conversion of wetlands to product an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Syracuse, New York 13210, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

AND THAT, except to any extent that such construction conflicts with express provisions of this mortgage:

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

(25) This mortgage is also intended to be a financing statement within the meaning of Article 9 of the Uniform Commercial Code covering fixtures attached to the above-described real estate, now owned or hereafter required; and crops growing or to be grown on the above-described real estate.

(26)  "Section 13 of the Lien Law."

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____13th_____ day of _____June_____ , 19 90 .

In the presence of

_____   _Frank A. Catalano III_ (SEAL)

_____   _Arlene C. Catalano_ (SEAL)

## ACKNOWLEDGMENT

STATE OR TERRITORY OF ____NEW YORK____ }
                                        } ss:
COUNTY OF ____ERIE____                  }

On the ____13th____ day of ____June____ , 19 90 , before me, came

____FRANK A. CATALANO III and ARLENE A. CATALANO____

to me known to be the individual(s) described in, and who executed the foregoing instrument, and acknowledged to me

that ____they____ executed the same for the purposes therein contained.

LIBER 0734 PAGE 678

_George J. Trimper_

(SEAL)                                                      Notary Public.

My commission expires ___June 30, 1991___   GEORGE J. TRIMPER JR.
                                             NOTARY PUBLIC, STATE OF NEW YORK
                                             QUALIFIED IN ERIE COUNTY
                                             My Commission Expires March 30, 19 91
                                                                    June

**EXHIBIT F**

# REAMORTIZATION and/or DEFERRAL AGREEMENT

**BORROWER CASE NUMBER**

| St. | Co. | Borrower ID |
|-----|-----|-------------|
| 37 | 15 | 2611 |

**FUND CODE**: 46

**LOAN NUMBER**: 04

**EFFECTIVE DATE OF REAMORTIZATION**

| Month | Day | Year |
|-------|-----|------|
| 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms)

in the principal sum of __TWENTY NINE THOUSAND ONE HUNDRED SIXTY EIGHT 97/100__ Dollars ($ __29,168.97__ ),

plus interest on the unpaid principal of __EIGHT AND THREE QUARTERS 8.75__ percent ($ __%__) per year, which was made or assumed by

_____ FRANK A. CATALANO III _____ and _____ ARLENE A. CATALANO _____

(called "I/We"), dated __JUNE 29__ , 19 __90__ , and payable to the order of the Government. The

unpaid principal balance (including advances) is $ __27,152.24__ . The accrued interest to date is

$ __475.00__ . The total debt to date is $ __27,627.24__ , which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

[X] **A.** **Reamortization**

    (1) The first installment in the amount of $ __225.00__ , will be due and payable on

    __JULY 25__ , 19 __97__ .

    (2) Thereafter, regular installments, each in the amount of $ __225.00__ , will be due and

    payable on the __25TH DAY__ of each __MONTH__ until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

    __JUNE 25__ , __2023__ .

[ ] **B.** **Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to _____ .

19 ____, shall be added to the principal. The new installment schedule will be as follows:

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

$ _____ on _____ , 19 _____

and $ _____ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on

_____ , _____ .

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

X _____
FRANK A. CATALANO III                    *(Borrower)*

JUNE 25, 1997
_____
*(Date)*

X _____
ARLENE A. CATALANO                       *(Borrower)*

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
THOMAS J. BANKERT

Title Community Development Manager

Date JUNE 25, 1997

*U.S. GPO: 1991-554-009/43009

EXHIBIT G

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION
21 SOUTH GROVE STREET
EAST AURORA, NEW YORK  14052
Subsidy Repayment Agreement

Date of Note 11/25/87 Amount of Note $42,000. Date of mortgage 11/25/87

Date of Note _____ Amount of Note _____ Date of mortgage _____

Type of assistance:  RH 502

1. Interest credit /XXX/
2. Homeownership Assistance
   Program / /

Address of Property: _____

DERBY, NY  14047

BORROWER:   FRANK A. CATALANO, III

CO-BORROWER:  ARLENE A. CATALANO

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United States of America, acting through the Farmers Home Administration (FmHA) (herein called "the Government") pursuant to section 521 of Title V of the Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears above (herein sometimes referred to as "borrower"), supplements the note(s) from borrower to the Government as described above, and any promissory note(s) for loans made to borrower in the future by the Government. Such future notes, when executed, will be listed below the signature line of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the repayment of the subsidy granted me (us) in the form of interest credits or Homeownership Assistance Program (HOAP) subsidy (hereinafter called "subsidy").

3    I (we) agree that the real property described in the mortgage(s) listed above is pledged as security for repayment of the subsidy received or to be received. I (we) agree that the subsidy is due and payable upon the transfer of title or non-occupancy of the property by me (us). I (we) understand that the real estate securing the loan(s) is the only security for the subsidy received. I (we) further understand that I (we) will not be required to repay any of the subsidy from other than the value (as determined by the Government) of the real estate, mortgaged by myself (ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us). If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid. The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

(a)  Unpaid balance of loans secured by a prior mortgage as well as
real estate taxes and assessments levied against the property which
are due will be paid.

(b)  Unpaid principal and interest owed on FmHA RH loans for the
property and advances made by FmHA which were not subsidy and are
still due and payable will be paid to the Government.

(c)  I (we) will receive from the sale proceeds actual expenses
incurred by me (us) necessary to sell the property. These may include
sales commissions or advertising cost, appraisal fees, legal and
related costs such as deed preparation and transfer taxes. Expenses
incurred by me (us) in preparing the property for sale are not allowed
unless authorized by the Government prior to incurring such expenses.
Such expenses will be authorized only when FmHA determines such expenses
are necessary to sell the property, or will likely result in a return
greater than the expense being incurred.

(d)  I (we) will receive the amount of principal paid off on the
loan calculated at the promissory note interest rate.

(e)  Any principal reduction attributed to subsidized interest
calculations will be paid to the Government.

(f)  I (we) will receive my original equity which is the difference
between the market value of the security, as determined by the
FmHA appraisal at the time the first loan subject to recapture of
subsidy was made, and the amount of the FmHA loan(s) and any
prior lien. This amount is _____ and represents
_____ percent of the market value of the security. (The

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

### Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:_____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

7     When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8     I (we) have read and agree to the provisions of this agreement.


X _____ Borrower
Frank A. Catalano III
X _____ Co-Borrower
Arlene A. Catalano
NOVEMBER ____ , 1987
        Date signed


Accepted and Agreed to
By _____  (FmHA Official)
    Reginald W. Barker
    COUNTY SUPERVISOR            (Title)

    DECEMBER 11, 1987
            Date


oOo

**EXHIBIT H**

Form FmHA 1944-A6
(Rev. 7-26-84)

FORM APPROVED
OMB No. 0575-0059
Expiration date available on request.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

## INTEREST CREDIT AGREEMENT

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |

| TYPE OF AGREEMENT | | |
|---|---|---|
| 1 ☒ New | 2 ☐ Renewal | 3 ☐ Corrected |

CASE NUMBER **2611**

PAYMENT PLAN **10/24/87**
☐ Annual ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT **NOV. 25, 1987**

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II. TO BE COMPLETED BY BORROWER** (If additional space is needed, attach additional sheets) **CATALANO III, FRANK**

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

PLANNED INCOME NEXT 12 MONTHS

| NAME | AGE | WAGES | OTHER | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| 1. FRANK A. III | 34 | 18,915 | | Erie Co Highway Dept, Public Works<br>Jennings Rd & Rte. 39, Collins, NY 14034 |
| 2. ARLENE | 33 | 4,007 | | Tarners Pharmacy<br>11 Commercial St, Angola, NY 14006 |
| 3. | | | | |

**B.** Number of dependent minor children (not including foster children) residing in the dwelling [ 3 ]

**C.** Annual Real Estate Taxes (Dwelling Only) **$1,382.** Annual Property Insurance Premium (Dwelling Only) **$377. Home & Flood**

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up... a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

Nov. 25, 1987
*(Date)*

X _Frank A. Catalano III_
Frank A. Catalano, III
*(Borrower)*

X _Arlene A. Catalano_
Arlene A. Catalano
*(Co-Borrower)*

**III. TO BE COMPLETED BY COUNTY OFFICE**

| | | |
|---|---|---|
| 1. Annual Income __22,922.__ | 4. Note Installment ( 3,996. ) __3,996__ | 11. Note Installment __3,996__ |
| | 5. Note Installment ( ) | 12. Note Installment |
| 2. Deductions __1,440.__ | 6. Real Estate Tax ( 1,382. ) __1430__ | at 1% Rate __1,500__ |
| | 7. Property Insur. ( 377. ) __190__ | 13. Difference __2,496__ |
| 3. Adjusted Annual Income __21,480.__ | 8. Total ( 5,755. ) __5,616__ | 14. Interest Credit |
| (1 minus 2) XXXXXXX | 9. Adjusted Income | Annual XXXXXX XX,XXX |
| ☒ Low-Income ☐ Moderate-Income | x 20% ( 4,296. ) __3,980__ | Monthly (136) $122. |
| Limit Maximum __24,750.__ | 10. Difference ( 1,459. ) __1,636__ | |

**IV. MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay __$197.__ dollars per month for 12 months beginning __DEC. 25, 1987__ If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V. ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19 ____ If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19 ____ This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

DECEMBER 11, 1987
*(Date Approved)*

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

COUNTY SUPERVISOR
*(Title)*

By _Reginald W. Barker_
Reginald W. Barker

RETURN TO: **MAIL CODE : 37-15**

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 7-26-84)

FORM APPROVED
OMB No. 0575-0059
Expiration date available on request.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |

PAYMENT PLAN    EXP MONTH 11
☐ Annual   ☒ Monthly

TYPE OF AGREEMENT
1 ☐ New   2 ☒ Renewal   3 ☐ Corrected

CASE NUMBER   2611

EFFECTIVE DATE
OF AGREEMENT 11/25/88

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)    CATALANO III, FRANK

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 35 | $20,000 | | ERIE COUNTY DEPT. OF HIGHWAYS RTE. 39 & JENNINGS, COLLINS, N.Y. |
| 2. ARLENE A. CATALANO | 33 | $3,000 | | TARNER'S PHARMACY 11 COMMERCIAL ST. ANGOLA N.Y. |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling   3

C. Annual Real Estate Taxes (Dwelling Only) $792.10 (COUNTY) Annual Property Insurance Premium (Dwelling Only) $377   FLOOD & HOMEOWNERS

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 8-20-88 | X Frank A. Catalano III | X Arlene C. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Annual Income | 23,200. | 4. Note Installment | (   ) | $ 3,996 | 11. Note Installment | $ | 3,996 |
| 2. Deductions | 1,440. | 5. Note Installment | (   ) | | 12. Note Installment at 1% Rate | $ | 1,500 |
| | | 6. Real Estate Tax | (   ) | 1,408. | | | |
| 3. Adjusted Annual Income | | 7. Property Insur. | (   ) | 377. | 13. Difference | $ | 2,496 |
| (1 minus 2) | 21,760. | 8. Total | (   ) | 5,781. | 14. Interest Credit | | |
| | | 9. Adjusted Income | (   ) | 4,352. | Annual XXXXX   XXXXX | | |
| ☒ Low-Income ☐ Moderate-Income Limit Maximum 26,800. | | x 20% 10. Difference | (   ) | 1,429. | Monthly $119. | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $214. dollars per month for 12 months beginning 12/25/88 If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXXX dollars on or before January 1, 19 XXXXXXXXX This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form. SUBSIDY 88 $1682 IS THIS CORRECT ( )

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

| August 25, 1988 | UNITED STATES DEPARTMENT OF AGRICULTURE FARMERS HOME ADMINISTRATION |
|---|---|
| (Date Approved) | |
| County Supervisor | By Reginald W. Barker |
| (Title) | Reginald W. Barker |

RETURN TO:

| 37-15 CATALANO III, FRANK CATALANO, ARLENE A DERBY 14047 | 37-15 COUNTY SUPERVISOR USDA, FARMERS HOME ADMIN. ERIE CO FM & HM CENTER 21 S GROVE ST EAST AURORA NY 14052 |
|---|---|

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 11/87)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB No. 0575-005

INTEREST CREDIT AGREEMENT
(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE | TYPE OF AGREEMENT | |
|---|---|---|---|
| 11/25/87 | $42,000.00 | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected | CASE NUMBER 2611 |

PAYMENT PLAN **EXP MONTH 11**
☐ Annual  ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT **11/25/89**

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)

**CATALANO III,FRANK**

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A CATALANO III | 36 | $20,000 | | ERIE COUNTY DEPARTMENT OF HIGHWAY (ANGOLA) DELAMETER RD, ANGOLA PREVIOUS TARDER'S PHARMACY II COMMERCIAL, ANGOLA |
| 2. ARLENE A. CATALANO | 34 | | 7 | NOW BUFFALO NEWS - DEALER - FROM HOME |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling  [3]

C. Annual Real Estate Taxes (Dwelling Only) $1,859    Annual Property Insurance Premium (Dwelling Only) $414.00

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING:  Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

9/11/89
(Date)

Frank A Catalano III    Arlene C Catalano
(Borrower)    (Co-Borrower)

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. Annual Income | 24,491 | 4. Note Installment | ( | ) $ 3,996 | 11. Note Installment | $ 3,996 |
| | | 5. Note Installment | ( | ) | 12. Note Installment at 1% Rate | $ 1,500 |
| 2. Deductions | 1,440 | 6. Real Estate Tax | ( | ) 1,830 | 13. Difference | $ 2,496 |
| | | 7. Property Insur. | ( | ) 414 | | |
| 3. Adjusted Annual Income | 23,050 | 8. Total | ( | ) 6,240 | 14. Interest Credit | |
| (1 minus 2) | | 9. Adjusted Income | ( | ) 4,610 | Annual XXXXX XXXXX | |
| ☒ Low-Income  ☐ Moderate Income | | x 20% | | 1,630 | Monthly 136 | |
| Limit Maximum  28,600 | | 10. Difference | ( | ) 197 | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars per month for 12 months beginning 12/25/89 If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXX dollars on or before January 1, 19 XXXXXXXX This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.    SUBSIDY 89  $1428  IS THIS CORRECT? (N)

* In accordance with the provisions of a Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

October 30, 1989
(Date Approved)

County Supervisor
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By Reginald W. Barker

RETURN TO:

37-15
CATALANO III,FRANK
CATALANO,ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE ST
EAST AURORA NY  14052

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

FmHA 1944-A6 (Rev. 11/

Form FmHA 1944-6
(Rev. 9-86)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVED
OMB NO. 0575-0059

| Date of Note | Amount of Note | **INTEREST CREDIT AGREEMENT**<br>(Section 502 RH Loans) | Type of Agreement |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☒ New   2 ☐ Renewal   3 ☐ Corrected |
| 06/29/90 | $29,168.97 | Payment Plan<br>☐ Annual  ☒ Monthly | Case Number  52611 |
| | | | Effective Date of Agreement<br>8/29/90 |

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II. TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. Frank A. Catalano, III | 37 | 24,230. | | Erie County Dept. of Highways<br>50 West Ave. Hamburg, NY |
| 2. Arlene A. Catalano | 35 | 18,000. | | Self Employed |
| 3. | | | | |

**B.** Number of dependents *(not including foster children)* residing in the dwelling  `3`

**C.** Annual Real Estate Taxes *(Dwelling Only)* `1,722.`  Annual Property Insurance Premium *(Dwelling Only)* `437.`

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

| 6-13-90 | X *Frank A. Catalano* | X *Arlene C. Catalano* |
|---|---|---|
| *(Date)* | *(Borrower)* | *(Co-borrower)* |

**III. TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. Annual Income | 43,070. | 4. Note Installment ( ) | 6,708. | 11. Note Installment | 6,708. | |
| 2. Deductions | 1,440. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 2,544. | |
| | | 6. Real Estate Tax ( ) | 1,722. | 13. Difference | 4,164. | |
| 3. Adjusted Annual Income | 41,630. | 7. Property Insur. ( ) | 437. | 14. Interest Credit: | | |
| *(1 minus 2)* | | 8. Total ( ) | 8,867. | Annual | XXXXX | |
| ☐ Low-Income  ☒ Moderate-Income | | 9. Adjusted Income x 20% ( ) | 8,326. | Monthly | 45.00 | |
| Limit-Maximum | 28,600. | 10. Difference ( ) | 541. | | | |

**IV. MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay `$514.00` dollars per month for 12 months beginning `9/25/90`. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V. ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19___. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19___. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of Form FmHA 451-37, "Additional Partial Payment Agreement", or other agreement the borrower's required payment will be $ _____ rather than the amount shown above.

| September 17, 1990 | UNITED STATES DEPARTMENT OF AGRICULTURE<br>FARMERS HOME ADMINISTRATION |
|---|---|
| *(Date Approved)*<br>County Supervisor | By *Reginald W. Barker* |
| *(Title)* | Reginald W. Barker |

**RETURN TO:**

| CATALANO, FRANK III<br>CATALANO, ARLENE A.<br><br>Derby, NY   14047 | COUNTY SUPERVISOR<br>FARMERS HOME ADMINISTRATION<br>21 South Grove Street<br>East Aurora, NY   14052 |
|---|---|

Information provided on this form is used by FmHA to calculate the amount of interest subsidy the borrower will receive and the amount of loan installment the borrower will pay in the ensuing year. Information collected is necessary to receive the subsidy benefits.

Form FmHA 1944-A6
(Rev. 7/89)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

FORM APPROVI
OMB No.0575-00

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

TYPE OF AGREEMENT

1 ☐ New  2 ☒ Renewal  3 ☐ Corrected

CASE NUMBEF 2611

PAYMENT PLAN  EXP MONTH 08
☐ Annual ☒ Monthly

EFFECTIVE DATE
OF AGREEMENT 08/25/91

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)          CATALANO III,FRANK

A. Complete the following for borrower, co-borrower and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 37 | 21,000 | | ERIE COUNTY DEPT. OF HIGHWAYS 50 WEST AVE. HAMBURG, N.Y. 6980 WENINGTON DR. |
| 2. ARLENE A. CATALANO | 36 | 21,600 | | DERBY, N.Y. 14047  SELF-EMPLOYED |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling    3

C. Annual Real Estate Taxes (Dwelling Only) $2,063?6  Annual Property Insurance Premium (Dwelling Only)  $465

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement

WARNING:    Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 5-20-91 | Frank A. Catalano III | Arlene A. Catalano |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income | 35,887. | 4. Note Installment | $ 6,708 | 11. Note Installment | $ 6,708 |
| | | 5. Note Installment ( ) | | 12. Note Installment | |
| 2. Deductions | 1,440 | 6. Real Estate Tax ( ) | 2,064. | at 1% Rate | $ 2,544 |
| | | 7. Property Insur. ( ) | 465 | 13 Difference | $ 4,164 |
| 3. Adjusted Annual Income | 34,450. | 8. Total | 9,237. | 14. Interest Credit | |
| (1 minus 2) | | 9. Adjusted Income | 6,890. | Annual XXXXX | XXXXX |
| ☐ Low-Income ☒☒ Moderate-Income | | x 20% | | Monthly | $196.00 |
| Limit Maximum $36,150 | | 10. Difference ( ) | 2,347. | $363.00 | dollars per month for 12 |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay
months beginning 10/25/91    If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months.
This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXX dollars on or before January 1, 19 XXXXXXXXX  This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ rather than the amount shown above.

November 5, 1991
(Date Approved)

County Supervisor
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By Reginald W. Barker

RETURN TO:

37-15
CATALANO III,FRANK
CATALANO,ARLENE A

DERBY  14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ERIE CO FM & HM CENTER
21 S GROVE STREET
EAST AURORA NY 14052

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture, Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503.

FmHA 1944-A6 (Rev. 7)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**FORM APPROVI**
OMB No.0575-00

**INTEREST CREDIT AGREEMENT**

(Section 502 RH Loans)

| DATE OF NOTE | AMOUNT OF NOTE | | TYPE OF AGREEMENT | | |
|---|---|---|---|---|---|
| 11/25/67 | $42,000.00 | | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected | | |
| 16/29/90 | $29,163.97 | | CASE NUMBEI **2611** | | |

PAYMENT PLAN **EXP MONTH 08**

☐ Annual ☒ Monthly ☐ Deferred

EFFECTIVE DATE
OF AGREEMENT **08/25/92**

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)  **CATALANO III,FRANK**

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS | | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| | | WAGES | OTHER | |
| 1. FRANK A. CATALANO III | 39 | 21,486. 22,000. | 1,000. | ERIE COUNTY DEPT OF HIGHWAYS 50 WEST AVE HAMBURG |
| 2. ARLENE A. CATALANO | 37 | XXXXXXX | 15,200. | SELF EMPLOYED (BUFFALO NEWS DEAL 6980 WELLINGTON DR. DERBY |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling **3**

C. Annual Real Estate Taxes (Dwelling Only) **$2,357.03**    Annual Property Insurance Premium (Dwelling Only) **$494.00**

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: Section 1001 of Title 18, United States Code provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up...a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| 7-8-92 | X _Frank A. Catalano III_ | X _Arlene A. Catalano_ |
|---|---|---|
| (Date) | (Borrower) | (Co-Borrower) |

III. TO BE COMPLETED BY COUNTY OFFICE

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Annual Income | 37,686. | 4. Note Installment | ( 559. ) $ 6,708. | 11. Note Installment | $ 6,708 |
| | | 5. Note Installment | ( ) | 12. Note Installment | |
| 2. Deductions | 1,440. | 6. Real Estate Tax | ( ) 2,302. | at 1% Rate | $ 2,544 |
| | | 7. Property Insur. | ( ) 494. | 13. Difference | $ 4,164 |
| 3. Adjusted Annual Income | | 8. Total | ( ) 9,504. | 14. Interest Credit | |
| (1 minus 2) | 36,250. | 9. Adjusted Income | | Annual XXXXX XXXXX |
| ☐ Low-Income ☒ Moderate-Income | | x 20% | ( ) 7,250. | Monthly 188. |
| Limit Maximum 34,600. | | 10. Difference | ( ) 2,254. | | |

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay **371.** dollars per month for 12 months beginning **SEPT. 25, 1992** If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay **XXXXXXXXXXXX** dollars on or before January 1, 19 **XXX** If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay **XXXXXXXXX** dollars on or before January 1, 19 **XXXXXXXXX** This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

(Date Approved)

COUNTY SUPERVISOR

(Title)

By _John A. Durand_
John A. Durand

RETURN TO:

37-15
CATALANO III,FRANK
CATALANO,ARLENE A

DERBY 14047

37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
50 COMMERCE WAY
EAST AURORA NY 14052

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instruction searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send commen regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Ag culture, Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OM No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a heari or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | 29,168.97 |

| Type of Agreement |
|---|
| 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |

Case Number **2611**

Payment Plan   EXP MONTH 08
☐ Annual   ☒ Monthly   ☐ Deferred

Effective Date of Agreement **08/25/93**

I.  This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note" whether one or more) from Borrower to the Government as described above.

II.  **TO BE COMPLETED BY BORROWER** (if additional space is needed, attach additional sheets)   CATALANO III, FRANK

A.  Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. FRANK A. | 40 | 22,006. ~~XXXXXX~~ | 2,000. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD. ANGOLA N.Y. |
| 2. ARLENE A. | 38 | ~~XXXXXX~~ | 8,750. | SELF-EMPLOYED BUFFALO NEWS DEALER |
| 3. Frank | | | 125. | 6980 WELLINGTON DR DERBY  Interest Income |

B.  Number of dependents (not including foster children) residing in the dwelling  **3**

C.  Annual Real Estate Taxes (Dwelling Only) ~~XXXXXXX~~  Annual Property Insurance Premium (Dwelling Only) ~~$XXX~~ 501.

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

| 11-28-94 | X _Frank A. Catalano III_ | X _Arlene A. Catalano_ |
|---|---|---|
| (Date) | Frank A. Catalano III   (Borrower) | Arlene A. Catalano   (Co-Borrower) |

III.  **TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income | 32,881. | 4. Note Installment ( 559 ) | 6.708 | 11. Note Installment | 6.708. |
| | | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 2,544. |
| 2. Deductions | 1,440. | 6. Real Estate Tax ( ) | 2,479. | 13. Difference | 4,164. |
| | | 7. Property Insur. ( ) | 501. | 14. Interest Credit: | |
| 3. Adjusted Annual Income (1 minus 2) | 31,440. | 8. Total ( ) | 9,688. | Annual   XXXX | XXXX |
| | | 9. Adjusted Income x 20% ( ) | 6,288. | Monthly   283. | |
| ☐ Low-Income  ☒ Moderate-Income Limit-Maximum | 36,700 | 10. Difference ( ) | 3,400. | | |

IV.  MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ **$276.** _____ dollars per month for 12 months beginning **SEPT. 25, 1993** . If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V.  ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19_____ . If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19_____ . This agreement or the extension thereof may be revised or cancelled as provided on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

(Date Approved)
COUNTY SUPERVISOR
(Title)

By _John A. Durand_
JOHN A. DURAND

RETURN TO:
37-15
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMINISTRATION
50 COMMERCE WAY
EAST AURORA, NY  14052-2187

37-15
CATALANO III, FRANK A.
CATALANO   ARLENE A.

DERBY, NY  14047

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form res_ _ in denial, reduction or cancellation of FmHA assista_ _ _ou may appeal this decision and have a hearing or you may request a review in lieu of a hearing, _ _e use the form we have included for this purpose.

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| Date of Note | Amount of Note | **INTEREST CREDIT AGREEMENT**<br>**(Section 502 RH Loans)** | Type of Agreement |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☐ New   2 ☒ Renewal   3 ☐ Corrected |
| 06/29/90 | 29,168.97 | | Case Number   **2611** |
| | | Payment Plan EXP MONTH   08<br>☐ Annual   X ☒ Monthly   ☐ Deferred | Effective Date of Agreement<br>**08/25/94** |

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** (if additional space is needed, attach additional sheets) CATALANO III, FRANK A.

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. FRANK A. | 41 | 22,564.<br>~~XXXXXX~~ | 2,725. | ERIE COUNTY DEPT. OF HIGHWAYS DELAMETER RD. ANGOLA N.Y. |
| 2. ARLENE A. | 39 | – 1,127 | | SELF – EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR. DERBY |
| 3. | | | | |

B. Number of dependents (not including foster children) residing in the dwelling   **3**

C. Annual Real Estate Taxes (Dwelling Only) ~~2,454.02~~   Annual Property Insurance Premium (Dwelling Only) #543

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

| 11-28-94 | Frank A. Catalano III | X Arlene A. Catalano |
|---|---|---|
| (Date) | Frank A. (Borrower) Catalano, III | Arlene A. (Co-Borrower) Catalano |

III. **TO BE COMPLETED BY COUNTY OFFICE**

| 1. Annual Income | 25,288. | 4. Note Installment ( 559. ) | 6,708. | 11. Note Installment | 6,708. |
|---|---|---|---|---|---|
| | | 5. Note Installment ( ) | | 12. Note Installment | |
| 2. Deductions | 1,440. | 6. Real Estate Tax ( ) | 2,455. | at 1% rate | 2,544. |
| | | 7. Property Insur. ( ) | 543. | 13. Difference | 4,164. |
| 3. Adjusted Annual Income | 23,850. | 8. Total ( ) | 9,706. | 14. Interest Credit: | |
| (1 minus 2) | | 9. Adjusted Income | | Annual | XXXX   XXXX |
| ☒ Low-Income   ☐ Moderate-Income | | x 20% ( ) | 4,770. | Monthly | 347. |
| Limit-Maximum | 31,200. | 10. Difference ( ) | 4,936. | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ 212. _____ dollars per month for 12 months beginning SEPT. 25, 1994 . If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19_____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19_____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

| (Date Approved) | UNITED STATES DEPARTMENT OF AGRICULTURE<br>FARMERS HOME ADMINISTRATION |
|---|---|
| ACTING COUNTY SUPERVISOR | |
| (Title) | By John A. Durand<br>JOHN A. DURAND |

| 37-15 | RETURN TO: 37-15 |
|---|---|
| CATALANO III, FRANK A. | COUNTY SUPERVISOR |
| CATALANO, ARLENE A. | USDA, FARMERS HOME ADMINISTRATION |
| | 50 COMMERCE WAY |
| DERBY, NY   14047 | EAST AURORA, NY   14052-2187 |

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

| Date of Note | Amount of Note | INTEREST CREDIT AGREEMENT (Section 502 RH Loans) | Type of Agreement |
|---|---|---|---|
| 11/25/87 | $42,000.00 | | 1 ☐ New  2 ☒ Renewal  3 ☐ Corrected |
| 06/29/90 | 29,168.97 | | Case Number  2611 |
| | | Payment Plan ☐ Annual  XX Monthly  ☐ Deferred | Effective Date of Agreement  08/25/95 |

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

**II. TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)* CATALANO III, Frank A.

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1.  FRANK A. | 42 | 23,625. XXXXXX | 3,500. | ERIE COUNTY DEPT. OF HIGHWAYS DEKAMETER RD ANGOLA, N.Y. |
| 2.  ARLENE A. | 40 | XXXXXXX | 10,410 | SELF-EMPLOYED BUFFALO NEWS 6980 WELLINGTON (DERBY) DEALER |
| 3. | | | | |

**B.** Number of dependents *(not including foster children)* residing in the dwelling ____3____

**C.** Annual Real Estate Taxes *(Dwelling Only)* $2,964.61  Annual Property Insurance Premium *(Dwelling Only)* ____234.____

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

| AUGUST 22, 1995 | *Frank A.* (Borrower) Catalano, III | *Arlene A.* (Co-Borrower) Catalano |
|---|---|---|
| (Date) | Frank A.  (Borrower)Catalano, III | Arlene A.  (Co-Borrower) Catalano |

**III. TO BE COMPLETED BY COUNTY OFFICE**

| 1. Annual Income ____37,535.____ | 4. Note Installment ( 559. ) 6,708. | 11. Note Installment ____6,708.____ |
|---|---|---|
| | 5. Note Installment ( ) | 12. Note Installment |
| 2. Deductions ____1,440.____ | 6. Real Estate Tax ( ) 2,965. | at 1% rate ____2,544.____ |
| | 7. Property Insur. ( ) 550. | 13. Difference ____4,164.____ |
| 3. Adjusted Annual Income ____36,100.____ (1 minus 2) | 8. Total ( ) 10,223. | 14. Interest Credit: |
| | 9. Adjusted Income | Annual  XXXX  XXXX |
| ☐ Low-Income  XXX Moderate-Income | x 20% ( ) 7,220. | Monthly  250.  250. |
| Limit-Maximum ____39,200.____ | 10. Difference ( ) 3,003. | |

**IV. MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay ____309.00____ dollars per month for 12 months beginning ____SEPT. 25, 1995____. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V. ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

| AUGUST 23, 1995 | UNITED STATES DEPARTMENT OF AGRICULTURE FARMERS HOME ADMINISTRATION |
|---|---|
| (Date Approved) | By *John A. Durand* |
| COUNTY SUPERVISOR | John A. Durand |
| (Title) | |

37-15
CATALANO III, FRANK A.
CATALANO, ARLENE A.

DERBY, NY 14047

RETURN TO:  37-15
COUNTY SUPERVISOR
USA, RECD
50 COMMERCE WAY
EAST AURORA, NY  14052-2187

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.

FmHA 1944-6 (Rev. 7-91)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

| Type of Agreement |
|---|
| 1 ☐ New    2 ☐ Renewal    3 ☒ Corrected |

Case Number 2611

Effective Date of Agreement
5/25/96

Payment Plan
☐ Annual  ☒ Monthly  ☐ Deferred

**I.** This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note," whether one or more) from Borrower to the Government as described above.

**II.** TO BE COMPLETED BY BORROWER *(if additional space is needed, attach additional sheets)*

**A.** Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Wages | Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. ARLENE A. CATALANO | 41 | 10,632 | 7,800 | SELF-EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR. DERBY, N.Y. 14047 |
| 2. | | | | |
| 3. | | | | |

Planned Income Next 12 Months — Wages / Other

**B.** Number of dependents *(not including foster children)* residing in the dwelling  2

**C.** Annual Real Estate Taxes *(Dwelling Only)* $2,838.14  Annual Property Insurance Premium *(Dwelling Only)* $556

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both."

5-9-96
*(Date)* — *(Borrower)* — *(Co-Borrower)*

**III.** TO BE COMPLETED BY COUNTY OFFICE

| | | | |
|---|---|---|---|
| 1. Annual Income 18,432 | 4. Note Installment ( 559 ) 6708 | 11. Note Installment 6708 |
| 2. Deductions 960 | 5. Note Installment ( ) | 12. Note Installment at 1% rate 2544 |
| | 6. Real Estate Tax ( ) 2838 | 13. Difference 4164 |
| 3. Adjusted Annual Income 17,472 (1 minus 2) | 7. Property Insur. ( ) 556 | 14. Interest Credit: |
| | 8. Total ( ) 10,102 | Annual XXXXXXXXXX |
| ☒ Low-Income  ☐ Moderate-Income | 9. Adjusted Income x 20% 3686 | Monthly 347 |
| Limit-Maximum | 10. Difference ( ) 6416 | |

**IV.** MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $212.00 dollars per month for 12 months beginning 6/25/96. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

**V.** ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19_____. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19_____. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $_____ rather than the amount shown above.

May 14, 1996
*(Date Approved)*
CD Manager
*(Title)*

37-15

Catalino, Frank A. III
Catalino, Arlene A.

Derby, NY 14047

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By RONALD D. FORNESS

RETURN TO:  37-15
USDA/Rural Development
P.O. Box 776
Ellicottville, NY 14731

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.
If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing.  se use the form we have included for this purpose.

Form RD-1944-6
(Rev. 3-97)

UNITED STATES DEPARTMENT OF AGRICULTURE
Rural Housing Service

OMB No. 0575-0172

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 6-25-97 | $41,489.03 |
| 6-25-97 | $27,627.24 |

Payment Plan
☐ Annual   ☑ Monthly   ☐ Deferred

Type of Agreement
1 ☑ New   2 ☐ Renewal   3 ☐ Corrected

Case Number 2611

Effective Date of Agreement
6-25-97

I. This agreement between the United States of America, acting through the United States Department of Agriculture pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months | | Names and addresses of employer or source of income |
|---|---|---|---|---|
| | | Wages | Other | |
| 1. Arlene A. Catalino | 42 | $4,371.00 from me | $9,880. | Self Employed - Buffalo News Child Support / Alimony |
| 2. Jennifer M. Catalino | 22 | $480. | | M & T Bank, Buffalo Full time Student |
| 3. Frank A. Catalino | 20 | | | Not Employed at this time. |

B. Number of dependents *(not including foster children)* residing in the dwelling [ 1 ]

C. Annual Real Estate Taxes *(Dwelling Only)* $2877.   Annual Property Insurance Premium *(Dwelling Only)* $608

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

SECTION 1001 OF TITLE 18, UNITED STATES CODE PROVIDES: "WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK, SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH."

6-25-97
*(Date)*          FRANK A. *(Borrower)* CATALINO III          X Arlene A. *(Co-borrower)* CATALINO

III. **TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income | 14,730. | 4. Note Installment ( ) | 6960 | 11. Note Installment | 6960 |
| 2. Deductions | 480. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 3240 |
| | | 6. Real Estate Tax ( ) | 2877 | 13. Difference | 3780. |
| 3. Adjusted Annual Income | 14,250 | 7. Property Insur. ( ) | 608 | 14. Interest Credit: | |
| *(1 minus 2)* | | 8. Total ( ) | 10,445 | Annual | |
| ☑ Low-Income ☐ Moderate-Income Limit-Maximum | 20,650. | 9. Adjusted Income x 20% | 2850 | Monthly | $310.00 |
| | | 10. Difference ( ) | 7595 | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $310.00 dollars per month for 12 months beginning 7-25-97 . If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay X X X X X X X X dollars on or before January 1, 19XX. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay X X X X X dollars on or before January 1, 19XX. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form RD 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ X X X X X rather then the amount shown above.

6-25-97
*(Date Approved)*
Community Development Manager
*(Title)*

UNITED STATES DEPARTMENT OF AGRICULTURE

By THOMAS J. DANKERT

RETURN TO:

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

If the decision contained above in this form results in denial, reduction or cancellation of assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing.

RD 1944-6 (Rev. 3-97)

```
  RHCDS/SUBSIDY DATA             650 286  10:28:50 11/17/06 TV420454
FMP1CICS FMP1 FH286    TV420454 0454 FAST            PFSP282
ACCT NBR    7529    ML P PRI SSN   5343 FRANK A CATALANO III
-------- ASSISTANCE ELIGIBILITY -------  ---- PROGRAM/MORATORIUM STATUS ---
PMT ASSIST ELIGIBLE (Y/N)    YES       PROGRAM BORROWER        PRG
DEFER MORT ELIGIBLE (Y/N/C)  NO        UNDER MORATORIUM        NO
PMT ASSIST METHOD # (N/1/2)  METHOD 2    EFFECTIVE 00/00/00 EXPIRE 00/00/00
SUBSIDY RECAPTURE   (N/D/S)  SUBJECT TO RECAP
------- AGREEMENT DATES / SUBSIDY AMOUNTS --------      - PAID-TO DATES -
EFFECTIVE     EXPIRES PMT TYPE  PMT ASSIST  DEFER MORT   INT PD-TO   01/25/06
 07/25/01   07/24/02 MONTHLY      189.73      0.00       PMT ASSIST  01/25/06
 07/25/02   07/24/04 MONTHLY      189.73      0.00       AUDIT POPUP  N
 12/25/04   12/24/05 MONTHLY      189.73      0.00
 12/25/05   12/24/06 MONTHLY      189.73      0.00
 00/00/00   00/00/00                0.00      0.00
                 --------ASSISTANCE FINANCIAL HISTORY -----------
ADMIN ADJUST RSN 0   ------- INTEREST -----   ----- PRINCIPAL -----
---- PROGRAM ----   YR TO DATE   LN TO DATE   YR TO DATE   LN TO DATE
PAYMENT ASSISTANCE      379.46    17771.67         0.00       821.87
DEFER MORT ASSIST         0.00        0.00         0.00         0.00
PRE  1/90 PMT ASST                                0.00         0.00
-------------------------- OTHER INFORMATION -----------------------------
OVRD 0 REAMORT: 1ST PMT DT 00/00/00 PRIOR P&I     333.00 FOR INT       0.00
                              OK INQUIRY ONLY
```

```
FMP1CICS FMP1 FH286     TV420454 0454 FAST           PFSP282
ACCT NBR    7532     ML S PRI SSN    5343 ARLENE A CATALANO
-------- ASSISTANCE ELIGIBILITY -------  ---- PROGRAM/MORATORIUM STATUS ---
PMT ASSIST ELIGIBLE (Y/N)     YES        PROGRAM BORROWER          PRG
DEFER MORT ELIGIBLE (Y/N/C)   NO         UNDER MORATORIUM          NO
PMT ASSIST METHOD # (N/1/2)   METHOD 2   EFFECTIVE 00/00/00 EXPIRE 00/00/00
SUBSIDY RECAPTURE   (N/D/S)   SUBJECT TO RECAP
------- AGREEMENT DATES / SUBSIDY AMOUNTS --------    - PAID-TO DATES -
EFFECTIVE    EXPIRES PMT TYPE  PMT ASSIST  DEFER MORT  INT PD-TO   01/25/06
07/25/01   07/24/02 MONTHLY     120.25       0.00      PMT ASSIST  01/25/06
07/25/02   07/24/04 MONTHLY     120.25       0.00      AUDIT POPUP  N
12/25/04   12/24/05 MONTHLY     120.25       0.00
12/25/05   12/24/06 MONTHLY     120.25       0.00
00/00/00   00/00/00              0.00        0.00
              --------ASSISTANCE FINANCIAL HISTORY -----------
ADMIN ADJUST RSN 0  ------- INTEREST -----  ----- PRINCIPAL -----
---- PROGRAM ----   YR TO DATE  LN TO DATE  YR TO DATE  LN TO DATE
PAYMENT ASSISTANCE    240.50    11398.59       0.00       385.91
DEFER MORT ASSIST       0.00        0.00       0.00         0.00
PRE  1/90 PMT ASST                                         0.00
--------------------------- OTHER INFORMATION ------------------------------
OVRD 0 REAMORT: 1ST PMT DT 00/00/00 PRIOR P&I    226.00 FOR INT       0.00
                            OK INQUIRY ONLY
```

**EXHIBIT I**

TRANSCRIPT OF JUDGMENT
CERTIFICATE OF DISPOSITION
DOCKET NO. B79611

Judgment       ARLENE A CATALANO
Debtor
Address        6980 WELLINGTON DRIVE
               DERBY, NY 14047

8147-5186

Judgment       FORD MOTOR CREDIT COMPANY
Creditor
Address        17197 N LAUREL PARK DR STE 402
               LIVONIA, MICHIGAN 48152
Attorney for   RUBIN & ROTHMAN
Judgment        1787 VETERANS HIGHWAY
Creditor        ISLANDIA NY 11749
ACTION SEVERED:

| | | |
|---|---|---|
| Damages | $ 14415.45 | Judgment Docketed Date: April 26, 2005 |
| Court Costs | $ 146.00 | Judgment Rendered |
| TOTAL AWARD | $ 14561.45 | Date: April 26, 2005 CITY COURT OF BUFFALO COUNTY OF ERIE STATE OF NEW YORK |

REMARKS

DATE SATISFIED:

State of New York    )
County of Erie       )
City of Buffalo      )

I, S. BANKS-WILLIAMS, clerk of the City Court of Buffalo, hereby
certify that all of the above is a correct transcript from the docket of
judgments in the Buffalo City Court, and I further certify that the
above judgment has been ENTERED.

IN TESTIMONY WHEREOF, I have hereunto set my name and affixed the
official seal of the City Court of Buffalo on April 26, 2005.

S. BANKS-WILLIAMS
Court Clerk

S E A L

2460l

Book147/Page5187