UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------

UNITED STATES OF AMERICA,
                    Plaintiff,         Civil No: 07-CV-0004 (A)(F)
vs.

Frank A. Catalano, III                 VERIFIED ANSWER
                    Defendant.

-------------------------------------------------

Frank A. Catalano, III
                    Cross Claim Plaintiff    CROSS CLAIM
vs.

Arlene A. Catalano,
6980 Wellington Drive
Derby, New York 14047
                    Cross Claim Defendant.

-------------------------------------------------

  Frank A. Catalano, III, by his counsel, Michael R. Wyszynski, Esq., being duly sworn, state as his Answer to the Complaint:

  1- I admit the allegations contained in paragraphs labeled "1-10" (inclusive) in the Complaint.

  2- I neither admit or deny the allegations contained in paragraphs labeled "12-21" (inclusive), as I do not possess sufficient knowledge to form a belief or denial as to those allegations in the complaint.

  3- That I deny those allegations of the contained in paragraph labeled "11" of the complaint.

AND AS A FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT, I STATE:

4-      That I did not sign the Reamortization Agreement dated June 25, 1997, and which a copy thereof is attached as to the complaint as Exhibit "A".

AND AS A SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT, I STATE:

5-      That I did not sign the re-affirmation agreements with the Plaintiff, dated 1996 and 1997.

6-      That due to my not signing the re-affirmation agreements, plaintiff is precluded from now enforcing this action against me, due to "laches", as the time to assert plaintiff's claim against me, has expired.

AND AS A THIRD PARTY COMPLAINT, I ALLEGE AS FOLLOWS:

7-      That the third party defendant is Arlene A. Catalano, who upon information and belief resides at 6980 Wellington Drive, Derby, New York 14047.

8-      That on or about March 11, 1999, I entered into a Property Separation Agreement with said third party defendant, Arlene A. Catalano, which agreement was recorded in the Erie County Clerk's Office on or about January 3, 2000.

9-      That pursuant to paragraph VII "Real Property", of said agreement, the third party defendant, Arlene A. Catalano, promised to hold Frank A. Catalano, III, harmless and indemnify him for any payments due from him, regarding the premises, specifically real property taxes, mortgage payments (principal and interest) and insurance, etc.

10- That Frank A. Catalano, III and Arlene A. Catalano, were thereafter Divorced, pursuant to a Judgment issued by the Honorable John F. O'Donnell, Justice of the Supreme Court for Erie County, New York, on or about January 3, 2000.

11- That the said Judgment of Divorce specifically stated that the Property Settlement Agreement dated March 11, 1999, was incorporated but not merged into the Judgment of Divorce, and that Frank A. Catalano, III and Arlene A. Catalano were to comply with each provision of said Agreement.

12- That on or about May 1996, I left the marital residence at 6980 Wellington Drive, Derby, New York, due to a matrimonial dispute with Arlene Catalano.

13- That since that date, I had never signed a Re-Affirmation Agreement with the plaintiff.

14- That attached hereto and labeled as Exhibit "B" is a copy of plaintiff's Form 1944-6, dated May 14, 1996, which shows that I did not sign the agreement in 1996, as I was not living with, nor did I have contact with Arlene Catalano, at that time, and that is why my signature is not on the document.

15- That attached hereto and labeled as Exhibit "C" is a copy of plaintiff's alleged re-affirmation agreement, dated June 25, 1997, which I did not sign and upon information and belief, my signature was forged on these documents, as well as Form 1944-6, dated June 25, 1997, which I did not sign and which I believe my signature was forged.

16- That I do not believe that I signed the documents attached as Exhibit "C", as I was separated with Arlene Catalano and had no contact with her, other than through our attorneys.

17- That if I am found liable to the plaintiff in this action, that the co-defendant, Arlene Catalano should thereafter be liable to me, to hold me harmless and indemnify me for any loss I sustain in this regard, based on her promises made in the separation agreement.

WHEREFORE, I respectfully pray that this Court

1- Dismiss the complaint against this defendant, as this defendant did not sign the 1996 or 1997 Re-Affirmation Agreement with the Plaintiff and did not agree to the additional terms,

2- That if the Court finds for the plaintiff and against this defendant, I ask that the Court then find for me against the co-defendant, Arlene Catalano, on my cross-claim, with court costs and attorney fees and other expenses, that this Court deems just and proper.

Dated: January 30, 2007

_____
FRANK A. CATALANO, III


Verification

I, FRANK A. CATALANO, III, being duly sworn, depose and state, that I have read the foregoing Answer and the same is true, except as to those matters alleged upon information and belief, and as to those matter alleged, I believe them to be true.

_____
FRANK A. CATALANO, III

Sworn to before me this
30 day of January, 2007.

_____
NOTARY PUBLIC

MICHAEL R. WYSZYNSKI
NOTARY PUBLIC STATE OF NEW YORK
REG. #02WY4841682
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES JANUARY 31, 20 / ⁵

**EXHIBIT A**

USDA-FmHA
Form FmHA 452-2
(4-17-78)

# REAMORTIZATION and/or DEFERRAL AGREEMENT

| BORROWER CASE NUMBER | | | FUND CODE | LOAN NUMBER | EFFECTIVE DATE OF REAMORTIZATION | | |
|---|---|---|---|---|---|---|---|
| St. | Co. | Borrower ID | | | Month | Day | Year |
| 37 | 15 | 2611 | 46 | 03 | 06 | 25 | 97 |

The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (called the "Government"), is the owner and holder of a promissory note or assumption agreement (new terms) in the principal sum of FORTY-TWO THOUSAND AND 00/100-------------- Dollars ($ 42,000.00 ), plus interest on the unpaid principal of NINE AND 00/100--- percent ( 9.00%) per year, which was made or assumed by FRANK A. CATALANO III and ARLENE A. CATALANO (called "I/We"), dated NOVEMBER 25, 19 87, and payable to the order of the Government. The unpaid principal balance (including advances) is $ 41,224.74. The accrued interest to date is $ 264.29. The total debt to date is $ 41,489.03, which now is principal.

Because one or more of the conditions set forth in Farmers Home Administration regulations have been met for obtaining a reamortization or deferral of the debt, the Government agrees to grant this reamortization or deferral of said loan and I/we agree to make payments using one of two alternatives as indicated below: (check one)

[X] **A. Reamortization**

(1) The first installment in the amount of $ 355.00, will be due and payable on JULY 25, 19 97.

(2) Thereafter, regular installments, each in the amount of $ 355.00, will be due and payable on the 25TH D DAY of each MONTH until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on NOVEMBER 25, 2020.

[ ] **B. Deferral and Reamortization**

Installments shall be deferred as indicated in the table below. All unpaid interest accrued to _____.
19 ___, shall be added to the principal. The new installment schedule will be as follows:

$ _____ on _____, 19 ___
$ _____ on _____, 19 ___
$ _____ on _____, 19 ___
$ _____ on _____, 19 ___
$ _____ on _____, 19 ___
$ _____ on _____, 19 ___

and $ _____ thereafter on the 1st of January of each year until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on _____, _____.

*Position 2*                    Form FmHA 452-2 (4-17-78)

Nothing in this agreement affects any of the terms or conditions of the note or assumption agreement, or the instruments securing it, other than the payment schedule (which includes the due date of the final installment).

Upon default in the payment of any one of the above installments or in case of a failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Government at its option may declare the entire debt immediately due and payable and may take any other action authorized therein.

JUNE 25, 1997
_____
(Date)

X _____  (Borrower)
FRANK A. CATALANO III

X _____  (Borrower)
ARLENE A. CATALANO

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By _____
THOMAS J. DANKERT
Title  Community Development Manager

Date  JUNE 25, 1997

*U.S. GPO: 1991-554-009/43009

**EXHIBIT B**

Form FmHA 1944-6 (Rev. 7-91)

OMB No. 0575-0059

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

| Date of Note | Amount of Note |
|---|---|
| 11/25/87 | $42,000.00 |
| 06/29/90 | $29,168.97 |

Payment Plan: ☐ Annual ☒ Monthly ☐ Deferred

Type of Agreement: 1 ☐ New  2 ☐ Renewal  3 ☒ Corrected

Case Number: 2611

Effective Date of Agreement: 5/25/96

I. This agreement between the United States of America, acting through the Farmers Home Administration pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months Wages | Planned Income Next 12 Months Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. ARLENE A. CATALANO | 41 | 10,632 | 7,800 | SELF-EMPLOYED BUFFALO NEWS DEALER 6980 WELLINGTON DR. DERBY, N.Y. 14047 |
| 2. | | | | |
| 3. | | | | |

B. Number of dependents *(not including foster children)* residing in the dwelling: 2

C. Annual Real Estate Taxes (Dwelling Only) $2,838.14   Annual Property Insurance Premium (Dwelling Only) $556

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

**WARNING:** Section 1001 of Title 18, United States Code, provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than 5 years, or both".

5-9-96 (Date)   _[signature]_ (Borrower)   (Co-Borrower)

III. **TO BE COMPLETED BY COUNTY OFFICE**

1. Annual Income: 18,432
2. Deductions: 960
3. Adjusted Annual Income (1 minus 2): 17,472

☒ Low-Income  ☐ Moderate-Income
Limit-Maximum: _____

4. Note Installment ( 559 ) 6708
5. Note Installment ( ) _____
6. Real Estate Tax ( ) 2838
7. Property Insur. ( ) 556
8. Total ( ) 10,102
9. Adjusted Income x 20% ( ) 3686
10. Difference ( ) 6416

11. Note Installment: 6708
12. Note Installment at 1% rate: 2544
13. Difference: 4164
14. Interest Credit:
    Annual: XXXXXXXXXX
    Monthly: 347

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $212.00 dollars per month for 12 months beginning 6/25/96. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay _____ dollars on or before January 1, 19___. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay _____ dollars on or before January 1, 19___. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $_____ rather than the amount shown above.

May 14, 1996
(Date Approved)
CD Manager
(Title)
37-15
Catalino, Frank A. III
Catalino, Arlene A.
Derby, NY 14047

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

By _[signature]_ RONALD D. FORNESS

RETURN TO: 37-15
USDA/Rural Development
P.O. Box 776
Ellicottville, NY 14731

Public reporting burden for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to Department of Agriculture Clearance Officer, OIRM, Room 404-W, Washington, D.C. 20250; and to the Office of Management and Budget, Paperwork Reduction Project (OMB No. 0575-0059), Washington, D.C. 20503. Please DO NOT RETURN this form to either of these addresses. Forward to FmHA only.

If the decision contained above in this form results in denial, reduction or cancellation of FmHA assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. se use the form we have included for this purpose.

FmHA 1944-6 (Rev. 7-91)

**EXHIBIT C**

| Date of Note | Amount of Note | INTEREST CREDIT AGREEMENT (Section 502 RH Loans) | Type of Agreement 1 ☒ New  2 ☐ Renewal  3 ☐ Corrected |
|---|---|---|---|
| 6-25-97 | $41,489.03 | | Case Number 2611 |
| 6-25-97 | $27,627.24 | Payment Plan ☐ Annual ☒ Monthly ☐ Deferred | Effective Date of Agreement 6-25-97 |

I. This agreement between the United States of America, acting through the United States Department of Agriculture pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. **TO BE COMPLETED BY BORROWER** *(if additional space is needed, attach additional sheets)*

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income

| Name | Age | Planned Income Next 12 Months Wages | Other | Names and addresses of employer or source of income |
|---|---|---|---|---|
| 1. Arlene A. Catalino | 42 | $4,371.00 from 1996 | $9,880. | Self Employed - Buffalo News Child Support, Alimony |
| 2. Jennifer M. Catalino | 22 | $480. | | M+T Bank, Buffalo  Full Time Student |
| 3. Frank A. Catalino | 20 | | | Not Employed at this time. |

B. Number of dependents *(not including foster children)* residing in the dwelling [ 1 ]

C. Annual Real Estate Taxes (Dwelling Only) $2877.    Annual Property Insurance Premium (Dwelling Only) $608

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.
SECTION 1001 OF TITLE 18, UNITED STATES CODE PROVIDES: "WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK, SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH."

6-25-97  X /s/ Frank A. Catalino III    X /s/ Arlene C. Catalino
(Date)      FRANK A. (Borrower) CATALINO III   ARLENE C. (Co-Borrower) CATALINO

III. **TO BE COMPLETED BY COUNTY OFFICE**

| | | | | | |
|---|---|---|---|---|---|
| 1. Annual Income | 14,730. | 4. Note Installment ( ) | 6960 | 11. Note Installment | 6960 |
| 2. Deductions | 480. | 5. Note Installment ( ) | | 12. Note Installment at 1% rate | 3240 |
| | | 6. Real Estate Tax ( ) | 2877 | 13. Difference | 3780 |
| | | 7. Property Insur. ( ) | 608 | | |
| 3. Adjusted Annual Income (1 minus 2) | 14,250 | 8. Total ( ) | 10,445 | 14. Interest Credit: Annual | |
| ☒ Low-Income  ☐ Moderate-Income Limit-Maximum | 30,650. | 9. Adjusted Income x 20% ( ) | 2850 | Monthly | $310.00 |
| | | 10. Difference ( ) | 7595 | | |

IV. **MONTHLY INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay $270.00 dollars per month for 12 months beginning 7-25-97. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. **ANNUAL INSTALLMENT** note subject to the provisions of this agreement, the borrower will pay X X X X X X X X dollars on or before January 1, 19 XX. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay X X X X X X dollars on or before January 1, 19 XX. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

*In accordance with the provisions of a Form RD 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ X X X X X rather then the amount shown above.

6-25-97
(Date Approved)
Community Development Manager
(Title)

UNITED STATES DEPARTMENT OF AGRICULTURE
By /s/ Thomas J. Dankert
   THOMAS J. DANKERT
RETURN TO:

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

If the decision contained above in this form results in denial, reduction or cancellation of assistance, you may appeal this decision. I have a hearing or you may request a review in lieu of a hearing.

RD 1944-6 (Rev. 3-97)